IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

FILED BY_____ D.C.

05 MAY -9 PM 2: 26

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT
W.D. OF TN -JACKSON

REGINALD CHARLES,                     )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )
                                      )   CIVIL ACTION NO: 04-1255-T-An
THE PROCTER & GAMBLE                  )
MANUFACTURING COMPANY, a              )
corporation,                          )
                                      )
          Defendant.                  )
                                      )

## CONSENT PROTECTIVE ORDER

The Court finds that discovery in this case will involve review of confidential employment

information regarding Plaintiff Reginald Charles ("Plaintiff"), as well as proprietary, trade secret,

and sensitive business information and/or commercially private data of Procter & Gamble

Manufacturing Company its predecessors, successors, affiliates or assigns (collectively "Procter &

Gamble" or "Defendant"), and confidential files, data and/or information relating to third persons

not parties to this action including, but not limited to, those who are present and/or former

employees of Procter & Gamble.  Specifically, the Court finds that discovery will involve

documents relating to compensation and performance of current and former employees other than,

and including Plaintiff, and other information that is trade secret or otherwise commercially

sensitive and confidential.  The Court finds that Procter & Gamble has demonstrated that it could

be exposed to liability and will suffer irreparable damage to relationships with and among its

employees, none of whom are parties to this action, if this information were to be disseminated.

Additionally, the Court finds that the case does not involve a matter of public health or safety, nor

are there any class allegations, or other special circumstances, that weigh in favor of disclosure.

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___05-10-05___

19

Therefore the Court finds that the balance of interests weighs in favor of granting this Consent Protective Order. Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that the parties in this action consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

As used herein, the word "document" means: (a) all papers, documents, printed and written materials produced or furnished by, or obtained by Plaintiff or Defendant; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which relate to any such papers, documents, materials, copies, extracts or summaries; (d) portions of briefs, memoranda or any other writings filed with the Court, and exhibits thereto, which relate to any such papers, document copies, extracts or summaries, but not (e) any materials which in the good faith judgment of counsel are work product materials.

(1)    All documents produced and information furnished by Plaintiff or Defendant which are designated by the parties, in good faith, as "CONFIDENTIAL" shall be treated as such by all parties to this litigation. Such confidential documents, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose.

(2)    If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph (1), *supra*.

(3)    Any document, information or deposition designated as "CONFIDENTIAL" under this order shall, if filed with the Court, be clearly marked "CONFIDENTIAL," sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel.

(4)    Documents, information and deposition testimony designated as "CONFIDENTIAL" pursuant to the terms of this Order may be used only in connection with this

case and may be disclosed only to counsel and employees and professional assistants of counsel who have a need to review the information or contents of the documents to aid effectively in the preparation of this case. Notwithstanding the foregoing, documents and information designated as "CONFIDENTIAL" pursuant to this Order may be disclosed to Plaintiff, Defendant, and potential witnesses for Plaintiff or Defendant only on an as-needed basis if Plaintiff's or Defendant's counsel, in good faith forms the belief that the witness needs to be privy to the information/document and first informs Plaintiff, Defendant, or the witness of, and he or she agrees to be bound by, the terms of this Protective Order. With the exception of expert witnesses, no party or witness to whom confidential documents or information is disclosed shall be allowed to possess, make, take, keep, retain, duplicate, or copy confidential documents or information of the other party. Expert witnesses shall return all confidential documents or information to counsel upon the conclusion of this litigation. Upon conclusion of this litigation, all confidential documents supplied by a producing party, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the producing party, or at the producing party's option, be destroyed by the receiving party. Counsel and the party or parties to whom confidential documents or information were disclosed by the opposing party will certify, in writing, that all confidential documents and information disclosed to them has been returned or destroyed, as applicable, within 20 days of the conclusion of this litigation.

(5)     Documents or information that were obtained from or are readily obtainable from a source other than through formal or informal discovery from a party in this action cannot be designated "CONFIDENTIAL" by a party to this action, unless such documents or information are (a) medical or psychological records relating to Plaintiff; or (b) were obtained by any current or former employee of Procter & Gamble (including Plaintiff) in the scope of their employment

3

with Procter & Gamble, from Procter & Gamble or any of its employees, agents, or customers. The procedure for designating documents described in subsections (a) and (b) of this paragraph shall be identical to the procedure set forth in paragraphs (1) and (8) of this Order.

(6)     Prior to disclosure of documents or information designated as "CONFIDENTIAL" pursuant to this Order to Plaintiff, Defendant's representatives and employees, or any potential witness or expert for the party to whom confidential documents were produced, such individuals shall execute a statement of confidentiality identical to Exhibit "A," attached hereto.  Counsel shall maintain and be prepared to produce a copy of that statement to opposing counsel, upon request if a violation of this Order is reasonably believed to have occurred.

(7)     The parties shall resolve any disputes concerning the designation of any documents as "CONFIDENTIAL" as follows:

The non-designating party shall challenge any designation of confidentiality by notifying the designating party in writing, specifically identifying the challenged item(s) as well as the basis for the challenge.  If the parties cannot resolve the challenge after engaging in good-faith discussions, the non-designating party shall seek an order of the Court with respect to the challenged item designated as "CONFIDENTIAL."  Plaintiff and witnesses for Plaintiff will treat all documents or information designated as "CONFIDENTIAL" and Defendant and witnesses for Defendant will treat all documents or information designated as "CONFIDENTIAL" in accordance with the requirements of this Order during the pendency of such motion.  The parties further agree that before seeking any relief from the Court under this paragraph, they will make a good-faith effort to resolve any disputes concerning the confidential treatment of any information.

(8)     After the final termination of this litigation, all documents, transcripts or other materials afforded "CONFIDENTIAL" treatment pursuant to this Order and in the possession of counsel or experts for either party, including any extracts, summaries or compilations taken there

4

from, but excluding any materials which in the good-faith judgment of counsel are work product materials, shall be returned to opposing counsel within sixty (60) days following the final resolution of this lawsuit.

(9)     The provisions of this Order shall not affect the admissibility of evidence at trial, summary judgment or any preliminary evidentiary proceeding in open court.

SO ORDERED, this 6th day of May , 2005.

James D. Todd
United States District Judge

5

AGREED TO AND APPROVED BY:

**ASHE & RAFUSE LLP**
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

R. Lawrence Ashe, Jr.
Georgia Bar No. 024500
Cynthia G. Burnside
Georgia Bar No. 097107

Stephen D. Wakefield
**WYATT, TARRANT & COMBS, LLP**
P.O. Box 775000
Memphis, TN 38177-5000
Telephone:  (901) 537-1069
Facsimile:  (901) 537-1010
Deliveries other than U.S. Mail:
1715 Aaron Brenner Dr., Suite 800
Memphis, TN  38120-4367

Stephen D. Wakefield

COUNSEL FOR DEFENDANT PROCTER &
GAMBLE MANUFACTURING COMPANY

**GLANKLER BROWN, PLLC**
One Commerce Square
17th Floor
Memphis, Tennessee 38103-2566

Venita Marie Martin

COUNSEL FOR PLAINTIFF

6

# EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Consent Protective Order

entered by this Court in *REGINALD CHARLES v. PROCTER & GAMBLE*

*MANUFACTURING COMPANY*, Civil Action No. 04-1255-T-An.  I understand that

Order and agree to abide by its contents.


_____

SIGNATURE


_____

NAME (PRINTED)


_____

DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 1:04-CV-01255 was distributed by fax, mail, or direct printing on May 10, 2005 to the parties listed.

---

Venita Marie Martin
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

R. Lawrence Ashe
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Stephen D. Wakefield
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Cynthia G. Burnside
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Honorable James Todd
US DISTRICT COURT